IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MIELO, individually and on behalf of all others similarly situated, Plaintiff, | ) ) ) ) | |
| vs | ) ) | Civil Action No. 2:14-cv-964 |
| GIANT EAGLE, INC. and ECHO REALTY LP, Defendants. | ) ) ) ) | Cynthia R. Eddy United States Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Christopher Mielo, brings this action individually and on behalf of all others similarly situated against Defendants, Giant Eagle, Inc. and Echo Realty LP ("Defendants"), alleging violations of Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181 et seq. ("ADA").[1] Specifically, he alleges that the parking lots at ten (10) Giant Eagle supermarket locations and one (1) GetGo location contain "access barriers" so as to render Defendants' facilities not fully accessible to and independently usable by plaintiff and a putative class of similarly situated disabled individuals who are dependent upon wheelchairs for mobility, because of various identified access barriers that fail to comply with the requirements of the ADA.

Presently before the Court is Defendants' Joint Motion to Dismiss the Amended Complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), challenging Plaintiff's standing to bring this action, except those claims related to the William Penn Highway Giant Eagle and the Monroeville Boulevard GetGo store locations. For the

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF No. 11.

reasons that follow, the motion will be denied.

Facts[2]

Plaintiff states that he is a resident of the Commonwealth of Pennsylvania who has a mobility disability and is limited in the major life activity of walking, causing him to be dependent upon a wheelchair for mobility. (Am. Compl. ¶¶ 2, 15.) He has visited Defendants' Giant Eagle grocery store located at 4680 William Penn Highway, in Pittsburgh, Pennsylvania (the "Subject Property 1"). Plaintiff also visited Defendants' GetGo convenience store located at 4000 Monroeville Boulevard, Monroeville, PA ("Subject Property 2"). During these visits, he experienced unnecessary difficulty and risk due to excessively sloped surfaces in a purportedly accessible parking space and access aisle. He indicates that, on his behalf, investigators examined multiple retail locations owned by Defendants in Pittsburgh, Pennsylvania, Monroeville, Pennsylvania and Cranberry, Pennsylvania. The investigators found the following alleged violations at certain specified locations: (1) the surfaces of one or more access aisles and one or more purportedly accessible parking spaces had running and/or cross slopes exceeding 1:48 (i.e., 2.1%); (2) at one or more groups of purported accessible parking spaces no spaces were designated as "van accessible"; (3) no access aisle was provided adjacent to one or more purportedly accessible spaces; (4) a portion of the route to the store entrance had a running slope exceeding 1:20 (i.e., 5%); (5) a curb ramp located in the route to the building entrance had a running slope exceeding 1:12 (i.e., 8.3%). (Am. Compl. ¶¶18-20.)

Plaintiff indicates that he is a resident of Churchill, Pennsylvania and that Subject Property 1 is the nicest and closest grocery store to his residence and Subject Property 2 is the

---

[2] As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

2

closest gas station/convenience store to his residence. Plaintiff does most of his shopping, dining and entertainment in Monroeville and therefore, has reason to frequent Subject Property 1 and Subject Property 2. (Am. Compl. ¶¶ 25-27.) He intends to continue to do his grocery shopping at Subject Property 1, as well as to purchase gas and snacks at Subject Property 2. In addition, he intends to return to Defendants' facilities; however, as long as the numerous architectural barriers at Defendants' facilities continue to exist, Plaintiff will be deterred from doing so. (Am. Compl. ¶¶ 29-30.)

Procedural History

Plaintiff filed this action on July 17, 2014. On September 14, 2014, Defendants filed a motion to dismiss for lack of jurisdiction, challenging Plaintiff's standing to bring this action. On October 3, 2014, Plaintiff filed an Amended Complaint. (ECF No. 16.)

Federal question jurisdiction is based on the ADA claim, 28 U.S.C. § 1331; 42 U.S.C. § 12188(a). Plaintiff alleges that the cited violations constitute a failure to remove architectural barriers in violation of 42 U.S.C. § 12182(b)(2)(A)(iv) and a failure to alter, design or construct accessible facilities after the effective date of the ADA in violation of § 12183(a)(1) and the appropriate regulations, which will deter him from returning to Defendants' facilities and that, without injunctive relief, he will be unable to fully access Defendants' facilities in violation of his rights under the ADA. (Am. Compl. ¶¶ 12, 39-48.)

He also brings this action on behalf of all others similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. He seeks a declaratory judgment that Defendants are in violation of the specific requirements of Title III of the ADA and its implementing regulations, a permanent injunction directing Defendants to take all steps necessary to remove the architectural barriers and bring its facilities into ADA compliance, an

3

order certifying the class he proposes and naming him as class representative and appointing his counsel as class counsel, payment of costs of suit, payment of reasonable attorney's fees and any other relief the Court deems just, equitable and appropriate. (Am. Compl. ¶¶ 32, 48.)

On October 16, 2014, Defendants filed a motion to dismiss the Amended Complaint. (ECF No. 21.) Plaintiff responded on November 11, 2014. (ECF No. 26.) Plaintiff filed a Notice of Supplemental Authority on November 17, 2014 , attaching a copy of Heinzl v. Quality Foods Corporation d/b/a Kuhn's Market, 2014 WL 6453894 (W.D. Pa. 2014). (ECF No. 29.) On November 19, 2014 the Court entered an Order allowing Defendants to address the supplemental authority submitted by Plaintiff. Defendants did not file a response to Plaintiff's Notice of Supplemental Authority.

Standard of Review

"A motion to dismiss for want of standing is … properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007) (citations omitted). The Court of Appeals has explained that:

> In evaluating whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim: "Court[s] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." Ballentine, 486 F.3d at 810 (citing Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)); see also Baldwin v. Univ. of Pittsburgh Med. Ctr., 636 F.3d 69, 73 (3d Cir. 2011) ("A dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim."). The Supreme Court most recently explained this standard in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009): "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955)....
>
> "A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). With respect to 12(b)(1) motions in particular, "[t]he plaintiff must assert facts that affirmatively and

4

plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007).

In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243-44 (3d Cir. 2012).

The Supreme Court has held that:

> In every federal case, the party bringing the suit must establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The standing requirement is born partly of "'an idea, which is more than an intuition but less than a rigorous and explicit theory, about the constitutional and prudential limits to the powers of an unelected, unrepresentative judiciary in our kind of government.'" Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) (quoting Vander Jagt v. O'Neill, 699 F.2d 1166, 1178–1179 (C.A.D.C. 1982) (Bork, J., concurring)).

Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004). The Court has explained that:

> In Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), we held that, to satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth v. Laidlaw Environmental Services, 528 U.S. 167, 180-181 (2000).

However, the manner in which standing must be supported depends upon the stage of the litigation at which the issue is raised: "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" Defenders of Wildlife, 504 U.S. at 561 (quoting Lujan v. National Wildlife Federation, 497 U.S. 871, 889 (1990)).

5

ADA Title III

Title III of the ADA "prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations." Spector v. Norwegian Cruise Line Ltd., 545 U.S. 119, 128 (2005). Specifically, it requires "places of public accommodation" to "remove architectural barriers ... in existing facilities ... where such removal is readily achievable," 42 U.S.C. § 12182(b)(2)(A)(iv), and to "design and construct facilities for first occupancy later than 30 months after July 26, 1990 that are readily accessible to and usable by individuals with disabilities," § 12183(a)(1). Places of public accommodation include "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or retail establishment," as well as a "gas station," §§ 12181(7)(E) and (F), and thus include Giant Eagle and GetGo markets/gas stations. Failure to meet these requirements constitutes a violation of the ADA which may be enforced by individuals bringing suit for injunctive relief in federal court, § 12188(a).

"Under Title III of the ADA, private plaintiffs may not obtain monetary damages and therefore only prospective injunctive relief is available." Anderson v. Macy's, Inc., 943 F. Supp. 2d 531, 538 (W.D. Pa. 2013). See 42 U.S.C. § 12188(a) (providing that the remedies available to individuals shall be those set forth in 42 U.S.C. § 2000a-3(a), which allows a private right of action only for injunctive relief for violations of Title II of the Civil Rights Act of 1964); Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968) (noting that Title II allows for injunctive relief only).

Because the remedy for a private ADA Title III violation is injunctive relief, courts look beyond the alleged past violation and consider the possibility of future violations. Plaintiffs seeking prospective injunctive relief must demonstrate a "real and immediate threat" of injury in order to satisfy the "injury in fact" requirement of standing. Anderson, 943 F. Supp. 2d at 538

6

(internal citations omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).

Standing

Generally, in order to establish standing, "a plaintiff must show (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, 528 U.S. at 180-181. While not contesting the sufficiency of Plaintiff's allegations as to Subject Property 1 and Subject Property 2, Defendants argue that Plaintiff does not have standing to bring claims regarding locations that he did not visit and to which he is not likely to "return."

The Defendants urge the court to consider a "four-factor test" described in Anderson v. Khol's Corp., 2013 WL 1874812 (W.D. Pa., May 3, 2013)(unpublished):

> In Title III ADA [c]ases in which disabled plaintiffs bring suit seeking an injunction to cure discriminatory practices, courts generally look to four factors to determine the likelihood of the plaintiff returning to the place of the alleged ADA violation, and therefore whether the threat of injury is concrete and particularized: "(1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiffs past patronage; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel." "The four-factor test is one of totality, and a finding in favor of [the plaintiff] does not require alignment of all four factors."

Id. at *4 (internal quotations omitted).[3]

---

[3] This four-factor test has not been adopted by the Third Circuit, but it has been cited by many district courts. See Garner v. VIST Bank, 2013 WL 6731903, at *5 (E.D. Pa. Dec. 20, 2013) (citing cases). But see Klaus v. Jonestown Bank & Trust Co. of Jonestown, 2013 WL 4079946, at *7 (M.D. Pa. Aug. 13, 2013) (describing four-part test as "rigid" and "unendorsed" by the Third Circuit, but finding that blind plaintiff who challenged ATMs met it anyway).

Defendants argue that Plaintiff lacks standing because, although he has alleged that he visited the William Penn Highway Giant Eagle and the Monroeville Boulevard GetGo stores on multiple occasions; he does not claim to have visited any of the other nine locations identified in the First Amended Class Action Complaint, nor has he alleged any concrete plans to visit any of these locations in the future. He has alleged only a cursory statement of intent to return to shop at those locations and to ascertain whether those facilities remain in violation of the ADA. Defendants also argue that Plaintiff lacks standing because all the location properties do not share a "commonality of architecture."

Plaintiff responds that he does not have to visit every Giant Eagle and GetGo to establish standing, rather, the scope of his claims should be determined by application of Fed. R .Civ. P. 23 and not by a consideration of whether Plaintiff visited Defendants' other locations.

Defendants argue that a plaintiff's lack of a definitive allegation of plans to return to all locations described in the complaint amount to a failure to sufficiently allege standing to assert ADA claims. Defendants rely upon Anderson v. Kohl's Corp., *supra.*, in support of this argument; however, Defendants' reliance is misplaced as Anderson is not a class action and the plaintiff there did not seek class-wide relief. Instead, the Plaintiff in Anderson sought injunctive relief compelling barrier removal at 16 stores, 15 of which she had never visited. In the context of an individual action, the Anderson analysis is correct. However, Anderson is inapplicable to lawsuits seeking class-wide relief under Rule 23. The erroneous nature of this argument was recognized recently in a Memorandum Opinion and Order by the Honorable Robert C. Mitchell: "[W]hen a plaintiff has presented a class action complaint, the issue of standing is limited to the plaintiff's individual standing, not whether the plaintiff can challenge policies as they relate to a multitude of locations. Rather that is an issue of class certification." Heinzl v. Boston Market

Corp., 2014 WL 5803144, at 10, (W.D. Pa., 2014)(discussing with approval "the deterrent effect test" recently recognized by a number of courts). See also Heinzl v. Quality Foods Corporation, d/b/a/Kuhn's Market, 2014 WL 6453894 (W.D. Pa., 2014). The Court agrees with and incorporates the reasoning articulated in the *Heinzl* decisions.

The Court concludes that Plaintiff has satisfied the requirements of standing. He has encountered architectural barriers at the locations closest to his residence (Subject Properties 1 and 2) which he has visited on multiple occasions, and he has expressed an intent to return even though the barriers remain. With respect to other locations cited in the First Amended Class Action Complaint, Plaintiff does not have to visit them to establish standing. Rather, that is an issue of class certification. Therefore, Defendants' argument about the scope of available injunctive relief based upon various stores that Plaintiff has not visited, goes to Plaintiff's ability to serve as a class representative, which is not ripe for disposition at this time.

Finally, Defendants' argument that Plaintiff failed to allege "commonality of architecture," likewise fails as the First Amended Class Action Complaint alleges numerous violations at eleven locations in the Pittsburgh, Pennsylvania area that share a commonality of issues. (Am. Compl. ¶ 20.)

## Conclusion

For all the foregoing reasons, the Defendants' Joint Motion to Dismiss the Amend Complaint is denied. An appropriate Order follows.

AND NOW, this 3th day of December, 2014,

It is hereby ORDERED that Defendants' Joint Motion to Dismiss First Amended Class Action Complaint based upon Plaintiff's lack of standing is DENIED.

IT IS FURTHER ORDERED that in accordance with Civil Rule of Civil Procedure 12(a)(4)(A), Defendants' Answer to the Amended Complaint is due on or before December 17, 2014.

By the Court,

Cynthia Reed Eddy
United States Magistrate Judge

cc: Counsel of Record via CM-ECF